**NORTHERN DISTRICT OF NEW YORK**
**UNITED STATES DISTRICT COURT**

---

**Marlene Lindow,** *on behalf of her son*
**Harvey Lindow**

                         **Plaintiff,**

v.                                                                                      5:04-CV-803
                                                                                        (NAM/DEP)

**Board of Education of the**
**Fayetteville Manlius Central School District,**

                         **Defendant.**

---

APPEARANCES:                                                OF COUNSEL:

Office of William J. Kurtz                                  William J. Kurtz, Esq.
8344 Brewerton Road
Cicero, New York 10348
Attorney for Plaintiff

Office of Frank Miller                                      Frank W. Miller, Esq.
6296 Fly Road
East Syracuse, New York 13057
Attorney for Defendant

**Hon. Norman A. Mordue, D.J.:**

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

      Plaintiff Marlene Lindow commenced this action on behalf of her son Harvey Lindow to recover attorney's fees as a prevailing party in the administrative proceeding pursuant to the Individuals with Disabilities Education Act ("IDEA"), *20 U.S.C.§ 1415(i)(3)(B)*.  Presently before the Court is defendant's motion to dismiss plaintiff's complaint pursuant to *Fed.R.Civ.P. 12(b)(6)* and *12(c)* on the grounds that the action in question is barred by the applicable statute

of limitations.[1]  Plaintiff opposes the motion to dismiss.  For the reasons set forth below, the Court grants defendant's motion to dismiss.

## II. FACTUAL BACKGROUND

The facts in this case are largely undisputed.  At the time of the events constituting the basis of this lawsuit, Harvey Lindow was a student enrolled in the Fayetteville Manlius Central School District (the "District").  The District's Committee on Special Education (the "Committee") classified Harvey as a child with a handicapping condition within the meaning of the IDEA.  The District provided Harvey with special education services, including development and implementation of an Individualized Education Plan ("IEP").

At some point in time, however, the Committee recommended that Harvey be removed from his regular education placement due to his behavioral problems.  Plaintiff objected to Harvey's removal and asked for his education to be uninterrupted in accordance with his IEP.  Plaintiff and the District were unable to resolve their dispute over Harvey's placement and the special education services to be provided to him pursuant to the IEP.  As a result, in September of 2000, plaintiff made a request for a hearing before an Impartial Hearing Officer.  The hearing took place before Hearing Officer Dr. James Monk on the following dates: September 27, 2000, November 13, 2000, and November 14, 2000.

On November 14, 2000, plaintiff and the District entered into a settlement agreement

---

[1]Plaintiff argues that defendant's motion for judgment on the pleadings pursuant to *Fed.R.Civ.P. 12(c)* is improper because defendant had not yet submitted an answer.  Since the motion for judgement on the pleadings can be made only after the pleadings had closed and the pleadings in the present case remain open, the Court agrees with plaintiff in that defendant cannot proceed under *Fed.R.Civ.P. 12(c)* at this point in time.  Accordingly, this Court will consider only defendant's motion made pursuant to *Fed.R.Civ.P. 12(b)(6)*.

stating that Harvey would receive specialized testing and evaluation as well as private tutoring. The settlement also provided that plaintiff would receive a reasonable amount of attorney's fees and costs incurred in connection with the administrative hearing. The settlement, however, did not specify how much plaintiff would be entitled to recover for such fees and costs.

Subsequently, the District offered plaintiff only 1/5 the amount the plaintiff actually incurred in legal fees in connection with the administrative hearing. Plaintiff refused to accept such offer. Instead, on June 26, 2001, plaintiff submitted an appeal to the State Review Officer (the "SRO") in the State Education Department seeking, among other things, full recovery of the attorney's fees. On July 8, 2001, the SRO dismissed plaintiff's claim on the grounds that it did not comply with the regulations of the Commissioner of Education.

On July 7, 2004, plaintiff's attorney sent a letter to the District's attorney requesting that the District reimburse plaintiff for $5,624.60 plaintiff incurred in attorney's fees in connection with the administrative proceeding. Shortly thereafter, the District advised plaintiff of its belief that plaintiff was not entitled to such reimbursement. As a result, on July 9, 2004, plaintiff commenced this suit seeking recovery of $5,624.60 as well as a recovery of a reasonable amount of attorney's fees incurred in prosecuting this action.

### III.   DISCUSSION

#### A.   Motion to Dismiss Standard

The District moves to dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] A movant is entitled to dismissal under

---

[2] Plaintiff argues that District should not be permitted to make such a motion because (1) the "motion is based on a statute of limitations defense which must be raised in the pleadings according to FRCP Rule 8 - General Rules of Pleading" and (2) "[n]o such affirmative defense

3

Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 894-95 (2d Cir.1976). Nevertheless, the complaint "must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory." *356 Huntington Dental & Med. Co. v. Minnesota Mining & Mfg. Co.Mfg. Co.*, 1998 WL 60954, at *3 (S.D.N.Y. 1998). The court must read the complaint generously and draw all reasonable inferences in favor of plaintiff, accepting the complaint's allegations as true. *Conley*, 355 U.S. at 46; *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976). Accordingly, the factual allegations set forth in the complaint do not constitute findings of fact by the court, but rather are presumed to be true for the purpose of deciding the motion to dismiss. *See Emergent Capital Inv. Mgmt. v.*

---

was raised in an answer by the defendant as required by FRCP 12(b) and cannot be raised here under the guise of a 12(b)(6) motion for failure to state a claim upon which relief may be granted."

With respect to plaintiff's first argument, the Court notes that it is well-established that an affirmative defense such as a statute of limitations does not have to be raised via responsive pleading and may be raised even before a responsive pleading is submitted via *Fed.R.Civ.P. 12(b)(6)* motion. *See Moore's Federal Practice § 8.07[2]*.

With respect to plaintiff's second argument, the Court notes that a *Fed.R.Civ.P. 12(b)* does not require the District to raise the statute of limitations defense in the answer. On the contrary, *Fed.R.Civ.P. 12(b)* states as follows: "A motion making any of these defenses [including the statute of limitations defense] shall be made before pleading if a further pleading is permitted." Furthermore, the Court agrees with the District, that *Fed.R.Civ.P. 12(b)(6)* motion is a proper vehicle for raising the statute of limitations defense. *See Moore's Federal Practice § 12.34[4][b]*. The Second Circuit in *Santos v. District Counsel of N.Y.S.*, 619 F.2d 963, 967 (2d Cir. 1980), stated that the "limitations defense, of course, may be raised in a pre-answer motion pursuant to *Fed.R.Civ.P. 12(b)(6)*. Such a motion is well-grounded if it appears on the face of the complaint that the cause of action has not been brought within the statute of limitation." In accordance with the principles outlined above, the Court finds no procedural impropriety in District's seeking to dismiss plaintiff's complaint pursuant to *Fed.R.Civ.P. 12(b)(6)* on statute of limitations grounds.

*Stonepath Group, Inc.*, 165 F.Supp.2d 615, 625 (S.D.N.Y.2001). Thus, "[t]he issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). It is with these considerations in mind that the Court addresses District's motion to dismiss plaintiff's complaint pursuant to *Fed. R. Civ. P. 12(b)(6)*.

### B.     Statute of Limitations

The purpose of IDEA is to ensure that all children are provided with a "free appropriate public education ... and related services designated to meet their unique needs ...." *20 U.S.C. § 1400(d)*. A "Local Education Agency" is charged with the responsibility of developing "Individualized Education Programs" ("IEP") for children receiving services under IDEA.[3] *See 20 U.S.C. § 1414(d)(2)(A)*. IDEA recognizes the importance of parent involvement in the development of a student's IEP. *See F.R. v. Bd. of Educ., Plainedge Pub. Sch.*, 67 F. Supp.2d 142, 145 (E.D.N.Y. 1999). Accordingly, "the statute incorporates procedural safeguards giving parents a meaningful opportunity to help formulate and, if necessary, object to a school district's decision regarding their child's education." *See id.* Parents' objections to an IEP may be presented at an "impartial due process hearing," and, subsequently, in either state or federal court. *See 20 U.S.C. § 1415 (f) and (I)(2)*. Also, if a parent or a guardian of a child successfully enforces a child's rights in any action or proceeding brought pursuant to IDEA, the court may award a reasonable attorney's fee as a part of the costs of the action. *See 20 U.S.C. § 1415*

---

[3]IEP is a written document containing goals and instructional objectives, services to be provided, projections regarding the dates when such services will be offered and criteria for evaluating whether instructional objectives are being met. *See Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 485 U.S. 176, 182 (1982).

*(i)(3)(B).*

Although Section 1415 (i)(3)(B) gives federal courts discretion to award attorney's fees, it does not specify within what time period the prevailing party must apply for such fees. According to the Supreme Court, where there is no federal statute of limitations, the statute of limitations for a federal cause of action is determined by looking to the most appropriate statute of limitations provided under the law of the forum state. *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704-05 (1966); *see also Moviecolor Limited v. Eastman Kodak Co.*, 288 F.2d 80, 83 (2d Cir. 1961).

The courts in this circuit have held that New York Civil Practice Law and Rules § 214(2) provides the most appropriate New York state statute of limitations for actions seeking attorney's fees under IDEA. *See Michael M. v. Bd. of Ed. of New York City Sch. Dist.*, 686 F.Supp. 995, 1001-1002 (E.D.N.Y. 1988); *Robert D. v. Sobel*, 688 F. Supp. 861, 864 (S.D.N.Y. 1988); *Shanahan v. Jamesville-Dewitt Sch. Dist.*, 953 F.Supp. 440, 443 (N.D.N.Y. 1997). Section 214 (2) applies to actions seeking "to recover upon a liability ... created or imposed by statute" and prescribes a three year statute of limitations for commencement of such actions.

The parties do not dispute that NYCPLR § 214(2) supplies the applicable statute of limitations for recovery of attorney's fees under IDEA. They do, however, disagree with respect to when the statute of limitations had accrued in the present case. Plaintiff argues that statute of limitations accrued on July 9, 2001 - the time when the SRO dismissed plaintiff's claim for attorney's fees. The District, however, argues that the statute of limitations accrued in September of 2000 - the time when plaintiff requested an impartial hearing to be held. In

6

support of its argument the District cites a number of cases standing for a proposition that the "'trigger point' for attorney's fees under the IDEA is generally a request for an impartial hearing." *Shanahan*, 953 F.Supp. at 444.[4] In other words, as a general rule, a prevailing plaintiff may recover reasonable attorney's fees incurred after the request for an impartial hearing had been made by plaintiff's attorney on the plaintiff's behalf. The District submits that the "accrual date" for statute of limitations purposes is the same as the "trigger point" for purposes of calculating how much the prevailing party may recover in attorney's fees. If one is to follow the District's argument to its logical conclusion, one would have to conclude that a prevailing plaintiff may not recover his or her attorney's fees in situations where the plaintiff's claim, due to numerous appeals, extensive discovery, or backlog in a court system, was not resolved within three years of the plaintiff's request for impartial hearing. It is unlikely that Congress intended such an outcome. Accordingly, the Court disagrees with District's interpretation of relevant case law and turns next to determining when the statute of limitations accrued in the present case.

Under New York law "a cause of action accrues, triggering commencement of the limitations period, when all of the factual circumstances necessary to establish a right of action have accrued, so that the plaintiff would be entitled to relief." *See Gaidon v. Guardian Life Ins. Co. of America*, 96 N.Y.2d 201, 210 (2001); s*ee also Britt v. Legal Aid Soc'y.*, 95 N.Y.2d 443, 446 (2000). Furthermore, "[i]n an action to recover for a liability created or imposed by statute,

---

[4]Along with *Shanahan* plaintiff cited the following cases: *Murphy v. Arlington Cent. Sch. Dist.*, 2003 WL 21694398 at *9 (S.D.N.Y. 2003); *Sabatini v. Corning Painted Post Area Sch. Dist.*, 190 F.Supp.2d 509, 519 (W.D.N.Y. 2001); *Anderson v. Bd. of Educ. Syracuse City Sch. Dist.*, 1989 WL 8664 at *1 (N.D.N.Y. 1989); and *F.R. v. Bd. of Educ. Plainedge Pub. Sch.*, 67 F.Supp.2d 142 (E.D.N.Y. 1999).

the statutory language determines the elements of the claim which must exist before the action accrues." *See Gaidon*, 96 N.Y.2d at 210; *see also Matter of Motor Vehicle Acc. Indem. Corp. v. Aetna Gas & Sur. Co.*, 89 N.Y.2d 214, 221 (1996). Here the statute provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs ... to a prevailing party who is the parent of a child with a disability." *20 U.S.C. § 1415(i)(3)(B)*. Thus, accrual of a cause of action for attorney's fees first occurs when plaintiff has become a prevailing party. *See Robert D. v. Sobel*, 688 F.Supp.861, 864 (S.D.N.Y. 1988) (stating that plaintiffs' cause of action for attorney's fees accrued on the day of the hearing's officer's determination in favor of plaintiffs). In the present case, the parties do not dispute that plaintiff was a prevailing party in the administrative proceeding or that she had achieved such status on November 14, 2000 - the last day of the hearing on which parties entered into a settlement agreement favorable to plaintiff. Thus, plaintiff's claim for attorney's fees accrued on November 14, 2000, and should have been filed within three years of that date. Plaintiff, however, filed her claim on July 9, 2004, or more than three years after its accrual. Accordingly, plaintiff's claim is barred by the applicable statute of limitations and as such subject to dismissal.[5]

## IV.   CONCLUSION

For the forgoing reasons it is hereby

ORDERED that District's motion to dismiss plaintiff's complaint pursuant to *Fed.R.Civ.P. 12(b)(6)* is GRANTED; and it is further

---

[5] The Court finds other arguments advanced by plaintiff in opposition to defendant's motion to dismiss to be without merit and, accordingly, finds no need to address them.

ORDERED that the complaint is dismissed in its entirety.

IT IS SO ORDERED.

Dated: July 26, 2005
       Syracuse, New York

Norman A. Mordue
U.S. District Judge